ZEHMER, Judge,
dissenting.
I respectfully dissent.
Rule 3.701(d)(12), Florida Rules of Criminal Procedure, provides:
Sentencing for separate offenses: A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guideline sentence unless a written reason is given.
The total guidelines sentence in the present case, based on the points scored for the two sexual battery counts as primary offenses and the kidnapping and assault counts as additional offenses, was “life imprisonment.” The majority concludes that the trial court’s addition of consecutive sentences to the life sentence is apparently meaningless since a defendant cannot serve more than a lifetime in prison. I would agree with this reasoning if a life sentence meant in every case that the defendant would definitely serve the remainder of his life in prison. But that is not the case. Even under the sentencing guidelines there are certain statutory rights that attach to a life sentence which permit release before service of a full sentence. For example, section 944.30, Florida Statutes (1983), provides that a prisoner sentenced to life imprisonment who has served ten years and has sustained no charge of misconduct “shall be recommended by the [Department of Corrections] for a reasonable commutation of his sentence, and if the same be granted, commuting the life sentence to a term for years.” If a prisoner were to receive a commutation under section 944.-30, then he would undoubtedly be entitled to an accumulation of gain-time with respect to his term-of-years sentence. § 944.275, Fla.Stat. (1983). There is nothing in the statutes or rules indicating that these statutory rights are not applicable to sentences under the sentencing guidelines. Section 921.001(8), Florida Statutes (1983), explicitly recognizes a prisoner’s right to gain-time and executive clemency even under the sentencing guidelines.
The obvious effect of the trial court’s judgment in the instant case is a total sentence greater than a single sentence of life imprisonment. Should the prisoner, under section 944.30, become eligible for release from prison prior to the end of his natural life, he would nevertheless be unable to leave prison because of the consecutive sentences imposed in addition to the life sentence.
It appears to me that the recommended sentence of “life imprisonment” means exactly what it says. If the court desires to impose consecutive sentences for a term of years, to be served consecutively to the life sentence, it must state clear and convincing reasons for doing so. This does not mean, however, that the imposition of term-of-years sentences to be served concurrently with the life sentence would necessarily constitute a deviation from the sentencing guidelines.
Accordingly, I would vacate the sentence and remand for resentencing.